STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVL ACTION
Doc. No. CV-15-431

FARHAN ABDI,

Plaintiff

v.

SP PLUS CORPORATION
d/b/a STANDARD PARKING,

Defendant

ORDER

STATE OF MAINE
Cumberland. ss. Clerk's Office

JUL 19 2016

RECEIVED

A recorded telephone conference on the parties' discovery dispute was held on July 13, 2016. Plaintiff seeks the report prepared by defendant's facility manager in December 2012 and argues the report is a document prepared in the usual course of defendant's business. Defendant objects and argues the report is work product.

Plaintiff filed his complaint and his request for production of documents on September 21, 2015. Defendant's objections to the request, dated October 30, 2015, included objections to requests numbers 26 and 29, the subject of the parties' discovery dispute. This case has been scheduled for jury selection and trial beginning August 8, 2015. On July 7, 2016, plaintiff requested a Rule 26(g) conference with the court.

Defendant did not prepare any report at the time of the alleged incident of October 29, 2012. In December 2012, plaintiff appeared at defendant's business and demanded payment of the medical bills he alleged resulted from injuries he sustained on defendant's premises. As a result of plaintiff's demand, defendant's facility manager interviewed people, took photos, and prepared a report; the report was sent to defendant's insurer.

"[O]ne of the routine functions of a claims adjuster in investigating an accident is to prepare for possible litigation . . . the analysis we here adopt will almost always result in a preliminary finding that the claims file documents were prepared in anticipation of litigation." Harriman v. Maddocks, 518 A.2d 1027, 1034 (Me. 1986). Although defendant prepared the report, as opposed to a claims adjuster, the report was sent to the insurer and became part of the claims file.

Further, "[t]he document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." Springfield Terminal Ry. Co. v. Dep't of Transp., 2000 ME 126, ¶ 19, 754 A.2d 353. Defendant must show "that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation." Id. ¶ 17. Defendant prepared the report only after plaintiff's demand for payment of his medical bills. Plaintiff's demand, which followed the alleged injury on defendant's premises, renders the anticipation of litigation "objectively reasonable." Id. ¶ 16.

In addition, Rule 26(b)(3) provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

2

M.R. Civ. P. 26(b)(3). Plaintiff has made no such showing in the June 22, 2016 letter to defendant's counsel, in the June 30, 2016 letter to the court, or at argument. The eight-month lapse in time between defendant's objections to plaintiff's request for production and plaintiff's request for a discovery conference a few weeks before trial suggests that the report was not critical to plaintiff's trial preparation.

The entry is

> Defendant is not required to respond to Plaintiff's Request for Production of Documents Numbers 26 and 29.

Date: July 19, 2016

Nancy Mills
Justice, Superior Court